UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22011-WILLIAMS/Elfenbein

**ADAM STREGE**,

    Plaintiff,

v.

**LAUNCHING NUCLEAR MISSILES AT MIAMI**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff Adam Strege's Complaint, ECF No. [1], and his Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]. The Honorable Kathleen M. Williams has referred to me "all discovery disputes and non-dispositive pretrial motions in this matter." *See* ECF No. [10].

Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply.[1] Under that statute, a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-24355-CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the *in forma pauperis* (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

such relief." 28 U.S.C. § 1915(e)(2). After reviewing the pleadings, record, and relevant law, I recommend that the IFP Motion, **ECF No. [3]** be **GRANTED**[2] and that the Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant § 1915(e)(2)(B)(ii).

I.      BACKGROUND

In a 20-page Complaint, Plaintiff purports to allege claims against Launching Nuclear Missiles at Miami, All Planets People, FDC Miami Federal Detention Center, FDC Doctor Feldman, University of Miami, Miami VA Hospital, Heart Surgeon Donold B. Williams, in his individual and official capacity, Dentist Ronold Hagen, Miami Airport, Burger King, and Miami Dade College. *See generally* ECF No. [1]. However, the Complaint is an incoherent ramble devoid of any punctuation and replete with fragmented thoughts and repetitive non-sequitur statements. *Id.* By way of example, it alleges that "defendants violate Federal Laws Murdering Prisoners Human Body parts cannibalism Prison Food and Burger King conspire Put Billion Human Hearts In Nuclear Reactors Founder Nazi Holocaust Gas Chambers and all USA Uranium Mills by Homeless shelters[.]" *Id.* at 2. This is but one of many similar disjointed statements throughout the Complaint. It also contains references to the Hiroshima bomb, the car crash involving Princess Diana, the smallpox Spanish flu, the Auschwitz concentration camp, among other incomprehensible references to historical events. *See generally* ECF No. [1]. Attached to the Complaint are also multiple filings in other unrelated court cases involving Plaintiff.

In the Complaint, Plaintiff alleges the Court has subject-matter jurisdiction over his claims under 28 U.S.C. §§ 1345, 1343, 1348, and 1357, and he alleges "[i]njuries under Federal laws." Although the Complaint does not assert any specific counts, the Complaint generally alleges,

---

[2] Based on the information contained within Plaintiff's IFP motion, the Court concludes that Plaintiff has demonstrated that he is unable to pay the filing fee or give security for the filing fee, as required by 28 U.S.C. § 1915(a)(1). *See generally* ECF No. [3].

against all Defendants, violations of 18 U.S.C. § 1901 as well as:

> Genocide Laws, ICC, Alien Tort Claims Act 28 U.S.C. § 1350, war crimes, crimes against humanity and aggression CAHWCA, Common torts assault, battery, damage to personal property, conversion of personal property, and intentional infliction of emotional distress, Federal Business Torts Laws, Federal Fraud Tort Laws and Federal economic tort Laws, 18 U.S. Code § 1951, Sherman Act, 15 U.S.C. §§ 1-38, Whistleblower Protection Act, RICO Act, § 1962(d), 42 USC 1346(b), Federal Tort Claims Act FTCA, 28 U.S. Code 2671 to 2680, 42 USCS 1983, 1985, 1986, 28 USCS 1331(a)-1334, 18 U.S. Code § 1341, 18 U.S. Code § 1343, Title VII Civil Rights Act 42 U.S.C. §§ 2000 e to 2000e-17, Bivens Action Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) Fair Credit Reporting Act 15 U.S.C. § 1681, 42 U.S.C. §§ 12101 [and] Americans with Disabilities Act Laws.

*Id.* at 3.

## II. LEGAL STANDARDS

As previously stated, because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Fletcher*, 2016 WL 11547296, at *1; *Troville*, 303 F.3d at 1260; *Moon*, 863 F.2d at 837. That statute requires the Court to dismiss his case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837.

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair

3

notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation," which includes the responsibility of dismissing or requiring a party to correct shotgun pleadings. *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).[3] The Eleventh Circuit has identified different types of shotgun pleadings, including those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323 (footnotes omitted). It has also "condemned shotgun pleadings time and again" because they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Given the havoc they wreak, the Eleventh Circuit has specifically instructed district courts not to tolerate shotgun pleadings because "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson*, 898 F.3d at 1357 (footnote omitted); *see also Cramer v. Florida*,

---

[3] A shotgun pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsi[ve] pleading constitutes shotgun pleading.").

117 F.3d 1258, 1263 (11th Cir. 1997) ("[S]hotgun complaints . . . are altogether unacceptable."). It has made clear that a district court that receives a shotgun pleading, at minimum, "must intervene *sua sponte* and order a repleader." *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). And if the claims of a complaint "are so poorly pleaded that" it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325 (emphasis and quotation marks omitted), a district court "retains authority to dismiss a shotgun pleading on that basis alone," *see Jackson*, 898 F.3d at 1357.

### III.   DISCUSSION

#### A. Failure to State a Claim

Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See id*. That means Plaintiff's Complaint must conform with Rule 8, which requires him to give a short and plain statement of his claims showing he is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires him to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). He has not done either.

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim[,]" showing the pleader is entitled to relief. Fed.

5

R. Civ. P. 8(a)(2) (alteration added); *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). As explained above, under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's Complaint is a "shotgun pleading" that fails to meet the foregoing standards — even under the relaxed pleading standard afforded to *pro se* litigants. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted).

Upon review of the allegations, the Complaint falls under the second and third categories of shotgun pleadings. First, the Complaint is replete with immaterial and outlandish assertions. For example, Plaintiff alleges a conspiracy to conceal placing human hearts in two nuclear reactors under the World Trade Center and that the FBI murdered everyone who witnessed the collapse of the World Trade Center, *see* ECF No. [1] at 3, and contains references to a conspiracy to conceal the murder of many Congressmen and the fourteenth President of the United States, *id.* at 6. And

6

to be clear, these statements are but a sampling of the superfluous statements taken from a pleading that is chock-full of them. The presence of these bizarre and irrelevant statements, in the aggregate, makes it difficult — if not impossible — for the Court to meaningfully screen the Complaint and for the Defendants to draft a responsive pleading, thus necessitating the Complaint's dismissal.

Even if immaterial facts did not bog down the Complaint and the allegations were comprehensible, it is still a shotgun pleading subject to dismissal because Plaintiff failed to identify each cause of action he intended to raise in the Complaint and separate each of those causes of action into its own count. In *Chavez v. Sec'y of the Fla. Dep't of Corrs.*, the Eleventh Circuit observed that district court judges "typically [carry] heavy caseload[s]" but are equipped with "limited resources," and, therefore, they "cannot be expected to do a [litigant's] work for him." 647 F.3d 1057, 1061 (11th Cir. 2011) (citations omitted); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Here, Plaintiff impermissibly places the burden on the Court to sift through the Complaint's 20 pages and guess which of his factual allegations may or may not constitute a claim for relief. *See generally* ECF No. [1]. Rather than identify each individual count and identify the allegations that support each count, Plaintiff rattles off several statutes that could form the basis of a claim for relief, lists these statutes *en masse*, and then fails to connect the provisions of each of the statutes to the allegations animating the Complaint. In other words, the statutes' presence in the Complaint does nothing to set forth or advance the claims Plaintiff is attempting to raise.

And, the Complaint violates Rule 10, which requires him to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). The Complaint does not contain any numbered paragraphs and instead contains a series of lengthy narrative, disjointed paragraphs raising numerous unrelated occurrences.

Because Plaintiff does not properly separate and direct his claims, Defendants do not have fair notice of the claims against them, making it a shotgun pleading. *See Twombly*, 550 U.S. at 555, 570; *Weiland*, 792 F.3d at 1323 (footnote call number omitted). Therefore, the Complaint must be dismissed pursuant to § 1915(e)(B)(2)(ii).

Although the Court must read Plaintiff's *pro se* Amended Complaint liberally, *see Hughes*, 350 F.3d at 1160, the Court is not required to serve as Plaintiff's "lawyer in rewriting" it, *see Jackson*, 898 F.3d at 1357. Indeed, the Eleventh Circuit has made abundantly clear district courts must not tolerate shotgun pleadings and instead must require *the plaintiff* to correct the pleading's deficiencies, such as by dismissing it without prejudice, *see id.*, or by "order[ing] a repleader," *see Byrne*, 261 F.3d at 1133. These actions both fulfill the district court's "duty to define the issues at the earliest stages of litigation," *see Johnson Enters.*, 162 F.3d at 1290, and ensure discovery is controlled and the docket is manageable, *see Anderson*, 77 F.3d at 367. For these reasons, the Complaint is subject to dismissal.

### B. Frivolity

The Complaint is also subject to dismissal because its factual allegations are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). As explained above, the Complaint contains numerous non-sensical conspiracy theories involving nuclear missiles, murdering eyewitnesses to the World Trade Center collapse, references to gas chambers, the Hiroshima bomb, the car crash involving Princess Diana, the smallpox Spanish flu, and the Auschwitz concentration camp. These claims are among the many conclusory allegations in the Complaint that have no basis in fact. Given the pervasive presence of frivolous allegations in the Complaint, dismissal of the Complaint is appropriate. *See Porter v. Governor*

*of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) ("A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional." (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992))).

## IV. CONCLUSION

For the above reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**.

2. Plaintiff's *pro se* Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 8, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

**Adam Strege**
517 E Las Cruces Ave
Apt 1
Las Cruces, NM 88001
PRO SE